**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Clark SAMUELS, Defendant–Appellant.**

No. 03–5639.

United States Court of Appeals,
Sixth Circuit.

March 10, 2004.

Before COLE and GILMAN, Circuit
Judges; and SCHWARZER, District
Judge.*

*ORDER*

Defendant Clark Samuels appeals the
sentence of imprisonment imposed upon
his conviction for aiding and abetting an
attempt to possess with the intent to dis-
tribute cocaine in violation of 21 U.S.C.
§ 846 and 18 U.S.C. § 2. The parties have
expressly waived oral argument, and upon
examination, this panel unanimously
agrees that oral argument is not needed.
Fed. R.App. P. 34(a).

At sentencing, the district court attrib-
uted seven kilograms of cocaine to Samu-
els, establishing a base offense level of 32
under the sentencing guidelines, and re-
duced his base offense level by four levels
for his minimal role. With a total offense
level of 28 and a criminal history category
of III, Samuels had a guideline range of 97

to 121 months. Pursuant to 21 U.S.C.
§ 841(b)(1)(A), the district court sentenced
Samuels to the mandatory minimum sen-
tence of ten years.

On appeal, a panel of this court affirmed
Samuels's conviction but vacated his sen-
tence and remanded the case for resen-
tencing without a four-level minimal role
reduction. The panel determined that as
Samuels played a key role in brokering the
subject drug transaction, he did not play a
limited role in the conspiracy. Instead, he
was indispensable to the completion of the
operation. Therefore, the district court's
finding that Samuels played a minimal role
was clearly erroneous. *United States v.
Samuels*, 308 F.3d 662, 672 (6th Cir.2002),
*cert. denied*, 537 U.S. 1225, 123 S.Ct. 1335,
154 L.Ed.2d 1085 (2003). Upon remand,
the district court refused to grant a two-
level mitigating-role reduction to Samuels
and resentenced him to 151 months of
imprisonment.

On appeal, Samuels contends that the
district court erred in refusing to consider
whether he was entitled to a mitigating-
role reduction for his minor participation
in the subject drug transaction.

Upon review, we conclude that the dis-
trict court properly held that this court's
opinion did not permit any mitigating role
reduction under USSG § 3B1.2. Samuels's
challenge to the district court's refusal to
grant him a mitigating-role reduction is
barred by the law-of-the-case doctrine.

Under the law-of-the-case doctrine, the
district court may not reconsider determi-
nations made by this court at a prior stage
of the litigation. *See Lac Vieux Desert
Band of Lake Superior Chippewa Indians
v. Mich. Gaming Control Bd.*, 276 F.3d
876, 879 (6th Cir.), *cert. denied*, 536 U.S.

---

* The Honorable William W. Schwarzer, United
States District Judge for the Northern District
of California, sitting by designation.

923, 122 S.Ct. 2589, 153 L.Ed.2d 779 (2002); *United States v. Moored,* 38 F.3d 1419, 1421 (6th Cir.1994). In the immediate case, a panel of this court has previously held that "[a]s Samuels played a key role in brokering the drug transaction, he did not play a limited role in the conspiracy. Instead, he was indispensable to the completion of the operation." *Samuels,* 308 F.3d at 672. This court's opinion forecloses a finding that Samuels is entitled to a mitigating-role reduction for his alleged minor participation in the subject drug transaction.

Accordingly, we affirm the district court's judgment.